# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTIAN AVIGNON LANDSCAPE DESIGN INC. | ) ) | Case No. 18-13050 MER<br>Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JARED C. WALTERS, Chapter 7 Trustee, | ) | Adversary Proceeding No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| 10th MOUNTAIN WHISKEY AND SPIRIT COMPANY, LLC | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

JARED C. WALTERS, chapter 7 trustee herein ("Trustee"), by and through his undersigned counsel, for his Complaint against Defendant 10th Mountain Whiskey and Spirit Company, LLC states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E) and (H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. The Trustee consents to the entry of final orders and judgment by the Bankruptcy

Court.

## PARTIES

6. Plaintiff Jared C. Walters is the duly-appointed chapter 7 trustee in the underlying case.

7. Defendant 10th Mountain Whiskey and Spirit Company, LLC ("10th Mountain") is a Colorado limited liability company.

## GENERAL ALLEGATIONS

8. Christian Avignon Landscape Design Inc. d/b/a Avignon Stone & Outdoor Living, Inc. ("Debtor") filed a petition for relief under chapter 7 of the Bankruptcy Code on April 13, 2018 (the "Petition Date") and the case was assigned Case No. 18-13050 MER.

9. Christian Avignon, individually, was the owner of the Debtor.

10. Avignon, individually, was also an owner of 10th Mountain.

11. The Debtor was never an officer, director or owner of 10th Mountain.

12. The Debtor caused the following transfers of funds (collectively referred to hereinafter as the "Transfers") to be made to 10th Mountain:

| Check No. | Date | Amount |
|---|---|---|
| 17063 | 1/6/14 | $ 2,500.00 |
| 17137 | 2/24/14 | $ 2,500.00 |
| 17353 | 5/27/14 | $ 5,000.00 |
| 17614 | 8/6/14 | $ 5,000.00 |
| 17689 | 8/29/14 | $ 5,000.00 |
| 17815 | 10/1/14 | $ 5,000.00 |
| 1012 | 10/31/14 | $ 10,000.00 |
| 1015 | 11/10/14 | $ 10,000.00 |
| 21162 | 1/15/16 | $ 35,000.00 |
| 21441 | 3/14/16 | $ 20,000.00 |
| 21575 | 5/2/16 | $ 10,000.00 |
| 21961 | 10/20/16 | $ 5,000.00 |
| 22568 | 1/30/17 | $ 20,000.00 |
| 22653 | 3/24/17 | $ 30,000.00 |
| | Total: | $160,000.00 |

13. The Debtor, Avignon and 10th Mountain have at various times characterized the Transfers as capital contributions made by Debtor for Avignon's benefit and at other times the

Debtor, Avignon and 10th Mountain have characterized the Transfers as loans made by Debtor to 10th Mountain.

**FIRST CLAIM FOR RELIEF**
(Breach of Loan Agreement – Turnover of Property of the Estate – 11 U.S.C. § 542 – Pled in the Alternative to the Second, Third and Fourth Claims for Relief)

14. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 13 as though more fully set forth herein.

15. 10th Mountain provided evidence to the Trustee that 10th Mountain paid $65,000 to the Debtor between May 31, 2016 and January 30, 2017.

16. To the extent the Transfers were made as loans by the Debtor to 10th Mountain, 10th Mountain remains indebted to Debtor in the amount of $95,000.00.

WHEREFORE, the Trustee seeks entry of judgment in his favor and against 10th Mountain in the amount of $95,000 and such other relief as deemed appropriate.

**SECOND CLAIM FOR RELIEF**
(Unjust Enrichment – Pled in the Alternative to the First, Third and Fourth Claims for Relief)

17. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 16 as though more fully set forth herein.

18. The Debtor conferred a benefit upon 10th Mountain by making the Transfers.

19. The benefit was accepted by 10th Mountain under circumstances that would make it inequitable for 10th Mountain to retain the benefit. The Debtor received $95,000 less from 10th Mountain than the amount of the Transfers.

20. As a result of the foregoing, 10th Mountain was unjustly enriched by the Transfers and should be required to return $95,000 to the Trustee.

WHEREFORE, the Trustee seeks entry of judgment in his favor and against 10th Mountain in the amount of $95,000 and such other relief as deemed appropriate.

**THIRD CLAIM FOR RELIEF**
(Avoidance of Transfers – 11 U.S.C. § 548(a)(1)(B) –
Pled in the Alternative to the First and Second Claims for Relief)

21. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 20 as though more fully set forth herein.

22. Under 11 U.S.C. § 548(a)(1)(B), the Trustee may avoid any transfer of an interest of the debtor in property made on or within two years of the bankruptcy filing date, if the debtor

received less than a reasonably equivalent value in exchange for the transfer and (i) was insolvent on the date the transfer was made, (ii) was engaged in business or about to engage in business for which any property remaining with the debtor was an unreasonably small capital, or (iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

23. The following Transfers were made within two-years of the Petition Date (collectively referred to hereinafter as the "Two-Year Transfers"):

| Check No. | Date | Amount |
|---|---|---|
| 21575 | 5/2/16 | $10,000.00 |
| 21961 | 10/20/16 | $ 5,000.00 |
| 22568 | 1/30/17 | $20,000.00 |
| 22653 | 3/24/17 | $30,000.00 |
| | Total: | $65,000.00 |

24. To the extent the Two-Year Transfers were made as capital contributions for the benefit of Avignon, the Debtor received no value in exchange for the Two-Year Transfers.

25. The Debtor was insolvent at the times the Two-Year Transfers were made.

26. The Debtor was engaged in a business at the time the Two-Year Transfers were made for which the property remaining with the Debtor was an unreasonably small capital.

27. The Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay.

28. As a result of the foregoing, the Two-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee seeks entry of judgment in his favor and against 10th Mountain avoiding the Two-Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(B) and granting such other relief as the Court deems appropriate.

## FOURTH CLAIM FOR RELIEF
(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a) – Pled in the Alternative to the First and Second Claims for Relief)

29. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 28 as though more fully set forth herein.

30. The Two-Year Transfers were made to 10th Mountain.

31. Under 11 U.S.C. § 550(a), if the Two-Year Transfers are avoided by the Trustee pursuant to 11 U.S.C. § 548, the Trustee may recover the property transferred or its value.

32. By this Fourth Claim for Relief, if the Two-Year Transfers are avoided, the Trustee seeks judgment awarding the Trustee $65,000 as the value of such t the Transfer.

WHEREFORE, the Trustee seeks entry of judgment in his favor and against 10th Mountain pursuant to 11 U.S.C. § 550(a) awarding the Trustee the value of the avoided Two-Year Transfers and granting such other relief as the Court deems appropriate.

Dated this 1st day of April, 2020.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ David V. Wadsworth*

David V. Wadsworth, #32066
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
Attorneys for the Plaintiff/Chapter 7 Trustee